IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 OCT 12 A 9: 19

DEBRA P. HACKETT, C...
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY, as subrogee of Wiley Sanders Truck Lines, | ) ) ) ) |
| Plaintiff, | ) CASE NO. 2:06-CV-924-MEF ) |
| v. | ) ) |
| CST INDUSTRIES, INC., d/b/a COLUMBIAN TECTANK™, et al., | ) ) ) |
| Defendants. | ) |

### NOTICE OF REMOVAL OF CAUSE

TO:  Ms. Debra P. Hackett
United States District Court
Middle District of Alabama
Office of the Clerk
P.O. Box 711
Montgomery, AL 36101-0711

**PLEASE TAKE NOTICE** that defendant, **CST Industries, Inc., d/b/a Columbian Tectank™** (hereinafter "defendant"), files this Notice of Removal of this action from the Circuit Court of Pike County, Alabama, where it is now pending, to the United States District Court for the Middle District of Alabama, Northern Division, and as grounds therefore states the following:

### PROCEDURAL BACKGROUND

1. This action was commenced on September 14, 2006, by the filing of the Summons and Complaint in the Circuit Court of Pike County, Alabama, now pending as Civil Action Number CV 2006-222. The Circuit Court of Pike County, Alabama, is a state court within this judicial district and division. In its complaint, plaintiff asserts the following claims:

Negligence (Count I), Negligent Hiring, Supervision and Training (Count II), Breach of Contract (Count III), and Breach of Warranty (Count IV). Defendant received a copy of the Summons and Complaint on September 18, 2006

2.  True and correct copies of all process, pleadings and orders served by or upon defendant in this case are attached hereto as Exhibit "A". There are no other process, pleadings, or orders properly served upon this defendant in this case.

### **DIVERSITY JURISDICTION**

3.  This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a)  Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district or division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b)  Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

4.  This action is properly removable under 28 U.S.C. § 1441(a) and (b) because this United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part as follows:

> (a)  The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between - -
>
>> (a)  Citizens of different states....

## DIVERSITY OF CITIZENSHIP OF THE PARTIES

5. The defendant is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Kansas for purposes of diversity jurisdiction and removal pursuant to 28 U.S.C. § 1332(a). Other than fictitious parties, there are no other named defendants.

6. Plaintiff The Travelers Indemnity Company, according to its annual statement for the year ending December 31, 2004, is a corporation organized under the laws of the State of Connecticut with its principal place of business also being in the State of Connecticut.

## AMOUNT IN CONTROVERSY REQUIREMENT EXCEEDED

7. The plaintiff specifically demands $800,000 in damages.

## PROCEDURAL REQUIREMENTS

8. This Notice of Removal was filed within 30 days of the service of the Summons and Complaint on the first served defendant.

9. This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

10. Written notice of the filing of this notice of removal has been served upon plaintiff through its counsel of record. A copy of this notice of removal will be filed promptly with the Clerk of the Circuit Court of Pike County, Alabama. (See Exhibit "B" attached hereto).

13. Defendant has heretofore sought no similar relief.

14. Defendant reserves the right to amend or supplement this Notice of Removal.

**WHEREFORE**, defendant prays that this Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Pike

County, Alabama, to the United States District Court for the Middle District, Northern Division.

_____
Bert P. Taylor (TAY004)

**OF COUNSEL FOR DEFENDANT NAMED AS:**
CST INDUSTRIES, INC., d/b/a
COLUMBIAN TECTANK™, et al.,
TAYLOR RITTER, P.C.
P. O. Box 489
Orange Beach, AL 36561
Phone: (251) 981-8430
Fax:   (251) 981-8425
E-mail: bert@taylorritter.com

### CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the above pleading on all counsel and/or parties listed below by placing a copy in the United States Mail and placing proper postage upon same, or by e-mail as appropriate:

> Linda Hinson Ambrose, Esq.
> Rogers & Associates
> 3000 Riverchase Galleria, Suite 650
> Birmingham, AL 35244
> lambrose@stpaultravelers.com

I hereby certify service on this the 11th day of October, 2006.

_____
Of Counsel

# EXHIBIT "A"

IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

THE TRAVELERS INDMENITY COMPANY, )
as subrogee of Wiley Sanders Truck Lines, )
                                                          )
      Plaintiff.                               )    Civil Action No.:
                                                          )    CV-06-222
v.                                         )
                                          )
CST INDUSTRIES, Inc. d/b/a Columbian )
TecTank™, et al., )
                                          )
     Defendants.                             )

## SUMMONS

NOTICE TO:    CST INDUSTRIES, INC. d/b/a Columbian TecTank™
                     Registered Agent:  Capitol Corporate Services, Inc.
                     700 SW Jackson
                     Suite 100
                     Topeka, Kansas 66603

The Complaint, which is attached to this summons, is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint, to

**LINDA HINSON AMBROSE
ROGERS & ASSOCIATES
3000 RIVERCHASE GALLERIA, SUITE 650
BIRMINGHAM, ALABAMA 35244**

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

DATED: 9-15-06                               _Brenda M Peacock_
                                                     CLERK OF COURT

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

_____ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

_X_ Service by certified mail of this summons is initiated upon the written request of
_____ pursuant to the Alabama Rules of Civil Procedure.

_____ Certified Mail is hereby requested.

                                                                    Plaintiff's/Attorney Signature

1

## RETURN ON SERVICE

_____ Return receipt of certified mail received in this office on the _____ day of _____, 2006

_____ I certify that I personally delivered a copy of the enclosed/attached documents to _____ on _____, 2006.

Date: _____

_____
Server Signature

Type Process Server _____

2

## THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

| | |
|---|---|
| THE TRAVELERS INDMENITY COMPANY, as subrogee of Wiley Sanders Truck Lines, )<br>)<br>)<br>)<br>Plaintiff. )<br>)<br>v. )<br>)<br>CST INDUSTRIES, Inc. d/b/a Columbian TecTank™ and the following Fictitious parties: )<br>"A", being those persons or entities doing business as "Columbian TecTank™"; )<br>"B", being those persons or entities that designed the silos described herein; )<br>"C" being the person or entity that sold the silos described herein; "D" being the person or entity that manufactured and/or installed the silos described herein; "E" being the person or entity whose actions or failure to act caused the plaintiff's damages, whose identities are currently not known by the plaintiff, and any insurers, masters, representatives, employees, or agents of A, B, C, D, and E, whose identities are not known at this time, and are included as Fictitious Defendants F,G,H,I, & J, )<br>)<br>Defendants. ) | Civil Action No.:<br>CV-06-222 |

### COMPLAINT

COMES NOW, the Plaintiff, The Travelers Indemnity Company, as subrogee of Wiley Sanders Truck Lines ("Travelers"), and, through counsel, files its complaint against the Defendants as follows:

### JURISDICTION AND VENUE

1.

Travelers is a corporation existing under the laws of the a state other than Alabama, and at all relevant times hereto, was authorized to do business, and was doing business, in the State of Alabama.

1

2.

Defendant, CST Industries, Inc. d/b/a Columbian TecTank™ ("CST") is a corporation existing under the laws of a state other than Alabama with its principal place of business located in a state other than Alabama.

3.

Based on information and belief, at all relevant times hereto, CST manufactured, designed, sold, and/or installed silos.

4.

At all relevant times hereto, CST was doing business in the State of Alabama through its agents, representatives or employees.

5.

Although not a resident of the State of Alabama, CST is subject to the jurisdiction of this Court pursuant to A.R.C.P. 4.2(a)(1)(B)(2)(E) in that its actions caused damages in this state.

6.

CST may be served with process in the care of its registered agent, Capitol Corporate Services, Inc., 700 SW Jackson Suite 100, Topeka, Kansas 66603

7.

CST is subject to the jurisdiction of this court.

8.

Fictitious defendants are: "A", being those persons or entities whose negligence caused the damages suffered by the plaintiff; "B", being those persons or entities that manufactured the tanks described herein; "C" being the person or entity that designed the tanks described herein; "D", being the person or entity that sold the tanks described herein and is a merchant in goods of

that kind;, whose identities are currently not known by the plaintiff, and any insurers, masters, representatives, employees, or agents of A, B, C, and D, whose identities are not known at this time, and are included as Fictitious Defendants F,G,H,I, & J,

9.

This Court has jurisdiction over the parties and the subject matter of this action.

10.

This Court is the proper venue for this action, as Pike County is the location where the incident giving rise to this cause of action occurred.

## FACTS

11.

Plaintiff re-alleges the allegations set forth in paragraphs 1 through 10 of this complaint as though set forth in full.

12.

At all times relevant hereto, Wiley Sanders Truck Lines ("Wiley Sanders") owned 5 silos, which were located on its property at Sanders Road, Troy, Pike County, Alabama ("Silos").

13.

These Silos were designated as follows: Nos. 19 and 20, constructed in 1993 or 1994; Nos. 21 and 22, constructed in 1996; and No. 23, which was constructed in 2003.

14.

At all times relevant hereto, Wiley Sanders operated KW Plastics, Inc. at the property described in Paragraph 12.

15.

At all relevant times hereto, KW Plastics, Inc. processed used plastic containers into plastic chips or flakes for recycling at the property described in Paragraph 12.

16.

The plastic chips were stored in the Silos at the property described in paragraph 12.

17.

Based on information and belief, the Silos referred to were designed, manufactured, constructed, installed and/or sold by the Defendant to Wiley Sanders.

18.

At all times relevant hereto, Travelers insured Wiley Sanders under policy number 630 150 D1634 ("Policy"), which provided coverage for certain damages which might occur to Wiley Sanders' property and business.

19.

The Policy referred to in the above paragraph was in effect on September 16, 2004.

20.

On or about September 16, 2004, four of the five Silos owned by Wiley Sanders (specifically numbers 19, 20, 21, and 22) were damaged by wind, which also resulted in a significant loss of income and additional consequential damages.

21.

Based on information and belief, the damages suffered by Wiley Sanders were the result of the failure of the structural integrity of the Silos described in Paragraph 20.

4

22.

Wiley Sanders submitted a claim to Travelers for damages it suffered as a result of the above-referenced losses.

23.

Pursuant to its obligations under the Policy, Travelers paid Wiley Sanders at least $800,000.00 for damages it suffered as a result of the above-referenced failures.

24.

Travelers is equitably and contractually subrogated to Wiley Sanders' claims, causes of action and rights of recovery against any party responsible for the above-referenced losses to the extent of the payment made.

### COUNT I
### (NEGLIGENCE)

25.

Plaintiff re-alleges paragraphs 1 through 24 of this complaint as though set forth in full.

26.

CST had a duty to Wiley Sanders to use all due care to ensure that the actions of its employees, agents, and/or representatives did not result in damages to the silos owned by Wiley Sanders.

27.

Based on information and belief, employees, agents and/or representatives of CST breached the standard of care when they failed to properly sell, design, construct, install and/or manufacture the Silos.

5

28.

The negligence of CST as described above, resulted in failure of the structural integrity of the Silos and factually and proximately caused the damages for which Plaintiff seeks relief.

## COUNT II
## (NEGLIGENT HIRING, SUPERVISION AND TRAINING)

29.

Plaintiff re-alleges paragraphs 1 through 28 of this complaint as though set forth in full.

30.

CST had a duty to its customers, such as Wiley Sanders, to hire, supervise and train its employees so that they could adequately sell, design, construct, install and manufacture the silos described above that are the subject of this complaint so that the silos would not be subject to structural failure.

31.

CST breached the standard of care by failing to hire competent employees who could perform the duties described in the above paragraph.

32.

CST breached the standard of care by failing to supervise and train its employees, agents and representatives so that they could adequately perform the duties described in Paragraph 30.

33.

CST's negligent acts as described above proximately and factually caused the damages for which Plaintiff now seeks relief.

## COUNT III
## (BREACH OF CONTRACT)

34.

Plaintiff re-alleges paragraphs 1 through 33 of this complaint as though set forth in full.

35.

CST entered into a contract with Wiley Sanders in which CST agreed to sell, design, manufacture, construct and/or install the Silos to store plastic chips for KW Plastics, Inc.

36.

Implicit in the contract was the obligation of CST to sell, design, construct, manufacture and/or install these silos in accordance with industry standards so that they would withstand appropriate wind speeds.

37.

Based on information and belief, the silos were not designed, constructed, manufactured and/or installed withstand appropriate wind speeds, resulting in their failure during the winds of September 16, 2004.

38.

As a factual and proximate result of CST's breach of its contractual obligations as described above, plaintiff suffered the damages for which it now seeks relief.

## COUNT IV
## (BREACH OF WARRANTY)

*[handwritten: No notice 9-4-04]*

39.

Plaintiff re-alleges paragraphs 1 through 38 as though set forth in full.

40.

Defendant warranted to Wiley Sanders that the Silos were designed ___ made in a reasonably commercial and workman-like manner and free from defects.

7

41.

Defendant breached the above referenced warranty when it failed to design, manufacture, construct and install the above-referenced Silos so that they could withstand appropriate wind speeds, and sold them to Wiley Sanders.

42.

Defendant's breach of warranty as described above factually and proximately caused the damages to the Silos as described above and caused the damages for which plaintiff now seeks relief.

## COUNT V
## (FICTITIOUS DEFENDANTS)

43.

Plaintiff re-alleges paragraphs 1 through 42 of this complaint as though set forth in full.

44.

Fictitious Defendants A through E had a duty of care to ensure that they designed, manufactured, installed and/or sold the Silos referenced in this lawsuit with all due care so that others would not be injured by their actions and so that the silos would not be subject to failure of their structural integrity.

45.

The Fictitious Defendants breached the duty of care owed to the Plaintiff's insured, which breach factually and proximately caused the damages for which plaintiff seeks relief.

8

WHEREFORE, Plaintiff demands judgment against the above referenced Defendants for at least $800,000.00, interest, costs, attorneys' fees, and other relief that this Court deems just and proper.

This 13th day of September, 2006.

Linda Hinson Ambrose (HIN017)
Attorney for Plaintiff

OF COUNSEL:
ROGERS & ASSOCIATES
3000 Riverchase Galleria, Suite 650
Birmingham, Alabama 35244
(205) 982-4620
(205) 982-4630 (fax)



9



Circuit Court of Pike County
120 West Chrcuh Street
Troy, AL 36081

CERTIFIED MAIL

7003 3110 0001 6653 4926

CST INDUSTRIES, INC. d/b/a Columbian
TecTank™
Registered Agent: Capitol Corporate Services,
Inc.
700 SW Jackson
Suite 100
Topeka, Kansas 66603

# EXHIBIT "B"

IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY, as subrogee of Wiley Sanders Truck Lines, ) ) ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. |
| v.                                                     ) ) | CV 06-222 |
| CST INDUSTRIES, INC., d/b/a COLUMBIAN TECTANK™, et al., ) ) ) ) | |
| Defendants.                                ) | |

## NOTICE OF FILING NOTICE OF REMOVAL

TO:  Brenda M. Peacock
     Clerk of the Circuit Court
     Pike County Courthouse
     P.O. Box 948
     Troy, AL 36081

NOTICE is hereby given that pursuant to the provisions of 28 U.S.C. § 1441, *et seq.*, and 28 U.S.C. § 1332, defendant CST Industries, Inc., d/b/a Columbian Tectank™, has on this 11th day of October, 2006, filed in the United States District Court for the Middle District of Alabama, Northern Division, the Notice of Removal to remove Civil Action No. CV 2006-222 from the Circuit Court of Pike County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division. A copy of the Notice of Removal is attached hereto.

Bert P. Taylor (TAY 004)

<u>OF COUNSEL FOR DEFENDANT NAMED AS:</u>
**CST INDUSTRIES, INC., d/b/a**
**COLUMBIAN TECTANK™, et al.,**
**TAYLOR RITTER, P.C.**
P. O. Box 489
Orange Beach, AL 36561
Phone: (251) 981-8430
Fax:   (251) 981-8425
E-mail: bert@taylorritter.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the above pleading on all counsel and/or parties listed below by placing a copy in the United States Mail and placing proper postage upon same, or by e-mail as appropriate:

> Linda Hinson Ambrose, Esq.
> Rogers & Associates
> 3000 Riverchase Galleria, Suite 650
> Birmingham, AL 35244
> lambrose@stpaultravelers.com

I hereby certify service on this the ____ day of _____, 2006.

_____
Of Counsel