IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY, as subrogee of Wiley Sanders Truck Lines, | )<br>)<br>)<br>) |
| Plaintiff, | )   CASE NO. 2:06-CV-924-MEF |
| v. | )<br>) |
| CST INDUSTRIES, INC., d/b/a COLUMBIAN TECTANK™, et al., | )<br>)<br>) |
| Defendants. | ) |

## ANSWER

Comes now the defendant identified as CST Industries, Inc., d/b/a Columbian Tectank™, and for Answer to plaintiff's Complaint says follows:

### JURISDICTION AND VENUE

1. Upon information and belief, admitted.

2. Admitted.

3. Denied as stated.

4. Denied.

5. The allegations of paragraph 5 call for a legal conclusion, and to the extent it is alleged this defendant caused damages in the State of Alabama, it is denied.

6. Admitted service was through the presently designated agent for service.

7. It is admitted this Court has subject matter jurisdiction over this cause.

8. This defendant has no knowledge about fictitious defendants and, therefore, the allegations of paragraph 8 are denied.

9. It is admitted this Court has jurisdiction over the subject matter of this action.

10. Admitted jurisdiction is proper in this court as Pike County is within the jurisdiction of the Middle District, Northern Division.

## FACTS

11. This defendant adopts by reference its responses to paragraphs 1 through 10 above.

12. This defendant has no knowledge with regard to the ownership of the silos and, therefore, the allegations of paragraph 12 are denied.

13. This defendant has no knowledge with regard to the designations assigned to silos by their owner, therefore, the allegations of paragraph 13 are denied.

14. This defendant has no knowledge as to the relationship between Wiley Sanders and KW Plastics, Inc., and, therefore, the allegations of paragraph 14 are denied.

15. This defendant has no knowledge as to the activities of KW Plastics, Inc., as alleged in paragraph 15. Therefore, said allegations are denied.

16. Admitted based upon present information and belief.

17. Denied.

18. This defendant has no information with regard to insurance coverages provided by Travelers to Wiley Sanders; therefore, the allegations of paragraph 18 are denied.

19. This defendant has no knowledge as to the effective date of Travelers' policy; accordingly, this allegation is denied.

20. Denied.

21. Denied.

22. This defendant has no information with regard to any claims submitted by Wiley Sanders to Travelers for damages; therefore, this allegation is denied.

23. This defendant has no knowledge with regard to payments made by Travelers to Wiley Sanders; therefore, the allegations of this paragraph are denied.

24. This defendant has no knowledge about any contractual arrangements between Wiley Sanders and Travelers with regard to subrogation for payments made; therefore, all allegations of this paragraph are denied.

### COUNT I (NEGLIGENCE)

25. This defendant adopts by reference its responses to paragraphs 1-24 above.

26. Denied.

27. Denied.

28. Denied.

### COUNT II (NEGLIGENT HIRING, SUPERVISION AND TRAINING)

29. This defendant adopts by reference its responses to paragraphs 1-28 above.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

### COUNT III (BREACH OF CONTRACT)

34. This defendant adopts by reference its responses to paragraphs 1-33 above.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

## COUNT IV (BREACH OF WARRANTY)

39. This defendant adopts by reference its responses to paragraphs 1-38 above.

40. Denied.

41. Denied.

42. Denied.

## COUNT V (FICTITIOUS DEFENDANTS)

43. This defendant adopts by reference its responses to paragraphs 1-42 above.

44. The allegations of paragraph 44 are not applicable to this defendant.

45. The allegations of paragraph 45 are not applicable to this defendant.

## FIRST DEFENSE

This defendant denies plaintiff's insured was injured or damaged to the nature and extent claimed in its Complaint and denies each and every material allegation of Plaintiff's complaint not specifically admitted herein.

## SECOND DEFENSE

This defendant pleads the applicable statute of limitations as a complete bar to each of Plaintiff's claims.

## THIRD DEFENSE

This defendant pleads contributory negligence of plaintiff's insured as a complete bar to plaintiff's claims against this defendant.

## FOURTH DEFENSE

This defendant denies plaintiff provided notice of any alleged breach of warranty as required under Alabama law in order to claim damages for alleged breach of warranties in connection with

the sale of commercial products. Said failure to give notice as required under Alabama law precludes plaintiff's claims for alleged breach of warranties.

## FIFTH DEFENSE

This defendant denies there is any privity of contract between it and the plaintiff, or plaintiff's insured, as required in order for plaintiff to maintain any claims for breach of contract or breach of warranty.

## SIXTH DEFENSE

This defendant denies there was any proximate cause between its activities with regard to the tanks at issue and the damages claimed by plaintiff.

## SEVENTH DEFENSE

This defendant pleads product misuse as a complete bar to plaintiff's claims.

## EIGHTH DEFENSE

Any sales of component parts by this defendant are subject to limitations of remedies by written contract. Such limitations preclude plaintiff's recovery of damages as claims in this lawsuit.

## NINTH DEFENSE

This defendant reserves the right to amend this Answer to assert additional defenses which may be deemed applicable during the course of discovery conducted in this cause.

        s/ Bert P. Taylor
        _____
        Bert P. Taylor (TAY 004)

**OF COUNSEL FOR DEFENDANT NAMED AS:**
**CST INDUSTRIES, INC., d/b/a**
**COLUMBIAN TECTANK™, et al.,**
**TAYLOR RITTER, P.C.**
P. O. Box 489
Orange Beach, AL 36561
Phone: (251) 981-8430
Fax:   (251) 981-8425
E-mail: bert@taylorritter.com

## CERTIFICATE OF SERVICE

     I hereby certify that I have served a true and correct copy of the above pleading on all counsel and/or parties listed below by placing a copy in the United States Mail and placing proper postage upon same, or by e-mail as appropriate:

        Linda Hinson Ambrose, Esq.
        Rogers & Associates
        3000 Riverchase Galleria, Suite 650
        Birmingham, AL 35244
        lambrose@stpaultravelers.com

     I hereby certify service on this the 19th day of October, 2006.

        s/ Bert P. Taylor
        _____
        Of Counsel